**Luis Gonzalio Reyes MENDEZ; Luis Reyes Arango; Ramona Elizabeth Reyes Arango, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76466.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Luis Reyes Arango, San Rafael, CA, pro se.

Ramona Elizabeth Reyes Arango, San Rafael, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony P. Nicastro, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Lead petitioner Luis Gonzalio Reyes Mendez, his wife Ramona Elizabeth Reyes Arango, and their son Luis Reyes Arango, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's order denying Reyes Mendez's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Gomes v. Gonzales*, 429 F.3d 1264, 1266 (9th Cir.2005), we deny in part and dismiss in part the petition for review.

■ Contrary to Reyes Mendez's contention, substantial evidence supports the agency's conclusion that he has not shown a well-founded fear of future persecution because Reyes Mendez testified that he and his family moved to San Marcos with-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

out incident before coming to the United States. *See id.* at 1267. Moreover, as the agency noted, the evidence of current country conditions in Guatemala supports the conclusion that Reyes Mendez could avoid harm from guerrillas. *See id.*

■ Because Reyes Mendez failed to establish eligibility for asylum, he necessarily failed to meet the higher burden for withholding of removal. *See id.* at 1266.

■ We lack jurisdiction to review the agency's denial of CAT relief because Reyes Mendez failed to raise the issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (court lacks jurisdiction to review claims not exhausted in administrative proceedings).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**