Nebiyu NEGASH, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70107.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 21, 2008.*

Filed Oct. 30, 2008.

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Steven H. Schlesinger, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, CALLAHAN, and IKUTA, Circuit Judges.

## MEMORANDUM**

Nebiyu Negash, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture[3] (CAT) relief. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zaca-*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1.  8 U.S.C. § 1158.

2.  8 U.S.C. § 1231(b)(3).

3.  United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85, *implemented at* 8 C.F.R. § 208.18.

*rias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). "It can be reversed only if the evidence presented … was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.; see also Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias–Zacarias,* 502 U.S. at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995) (same). When an asylum claim is involved, an alien must show either past persecution, or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir. 1996) (en banc).

Negash's claims fail. He did not present evidence that would compel a finding of past persecution. *See Loho v. Mukasey,* 531 F.3d 1016, 1019 (9th Cir.2008); *Ghaly,* 58 F.3d at 1431. The most he showed was harassment in the form of searches of the family home. *See Marcu v. INS,* 147 F.3d 1078, 1080, 1083 (9th Cir.1998); *see also Khourassany v. INS,* 208 F.3d 1096, 1100–01 (9th Cir.2000); *Fisher,* 79 F.3d at 959, 962. Nor did the evidence compel a determination that he had a well-founded fear of future persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc); *Fisher,* 79 F.3d at 960; *see also Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991) (stating where no pattern of persecution clearly tied to the petitioner is shown, evidence did not compel a well-founded fear finding).

Because Negash does not meet the eligibility requirements for asylum, he does not meet the requirements for withholding of removal either. *See Gomes v.*

*Gonzales,* 429 F.3d 1264, 1266 (9th Cir. 2005); *Ghaly,* 58 F.3d at 1429. Moreover, there was no evidence in the record that would compel a determination that it is more likely than not that Negash will be tortured in Ethiopia. Thus, he is not entitled to CAT relief. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); *see also Nuru v. Gonzales,* 404 F.3d 1207, 1224 (9th Cir.2005) (noting that "torture is more severe than persecution").

Petition DENIED.