**Wasit SETYAWAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73164.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 21, 2008.

---

Gregory J. Boult, Gleckman & Sinder, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of The District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Wasit Setyawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Setyawan does not contend that he suffered past persecution, only that he has a clear probability of future persecution based on a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. The record, however, does not compel the conclusion that there is a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc) (holding that an ethnic Chinese Christian petitioner from Indonesia failed to establish a pattern or practice of persecution by the government or individuals the government is unwilling or unable to control). Accordingly, substantial evidence supports the denial of Setyawan's withholding of removal claim. *See Gomes v. Gonzales,* 429 F.3d 1264, 1266–67 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**