Tika **RAI,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 04–75784.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2008.\*

Filed Dec. 5, 2008.

R.App. P. 34(a)(2).

Before: HALL, FERNANDEZ, and THOMAS, Circuit Judges.

## MEMORANDUM **

Tika Rai, a native and citizen of the Federal Democratic Republic of Nepal, petitions for review of the Board of Immigration Appeals' denial of her application for asylum [1] and withholding of removal.[2] We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zaca-* *rias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). "It can be reversed only if the evidence presented … was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also* *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias–Zacarias,* 502 U.S. at 483–84, 112 S.Ct. at 817; *see also Ghaly* *v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995) (same). When an asylum claim is involved, an alien must show either past persecution, or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir. 1996) (en banc).

■ Rai's claims fail. She did not present evidence that compels a finding of past persecution on account of political opinion or membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A); *Elias–Zacarias,* 502 U.S. at 481–82, 112 S.Ct. at 815–16; *Ernesto Navas v. INS,* 217 F.3d 646, 655–57 (9th Cir.2000); *Pedro–Mateo v. INS,* 224 F.3d 1147, 1151 (9th Cir.2000); *Sanchez–Trujillo v. INS,* 801 F.2d 1571, 1576–77 (9th Cir.1986). Nor does the evidence compel a determination that she has a well-founded fear of future persecution.

■ Because she does not meet the eligibility requirements for asylum, she does not meet the requirements for withholding of removal either. *See Gomes v. Gonzales,*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 8 U.S.C. § 1158.

2. 8 U.S.C. § 1231(b)(3)

429 F.3d 1264, 1266 (9th Cir.2005); *Ghaly,* 58 F.3d at 1429.

Petition DENIED.