Nina Alexandrovna TSAREVSKAYA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74577.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.[*]

Filed March 2, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garbis N. Etmekjian, Esq., Law Offices of Garbis N. Etmekjian, Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Terri J. Scadron, Esq., Kristin K. Edison, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [**]

Nina Alexandrovna Tsarevskaya, a native and citizen of Uzbekistan, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Tsarevskaya failed to establish eligibility for asylum because she did not demonstrate that the discrimination and harassment she suffered rose to the level of persecution, *see Nagoulko v.*

[**] This disposition is not appropriate for publication and is not precedent except as provid-

*INS,* 333 F.3d 1012, 1016 (9th Cir.2003), or that the attack on her son occurred on account of a protected ground, *see Sangha v. INS,* 103 F.3d 1482, 1486–87 (9th Cir. 1997). Substantial evidence also supports the agency's determination that Tsarevskaya failed to establish a well-founded fear of future persecution in Uzbekistan on account of her Russian ethnicity, or for any of the other statutorily enumerated grounds. *See Gomes v. Gonzales,* 429 F.3d 1264, 1267 (9th Cir.2005) (fear of future persecution undermined by prior successful internal relocation and current country conditions). Furthermore, the record does not compel the conclusion that there is a pattern or practice of persecution of ethnic Russians or Christians in Uzbekistan. *See Lolong v. Gonzales,* 484 F.3d 1173, 1179–81 (9th Cir.2007) (en banc).

Because Tsarevskaya did not establish asylum eligibility, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**