**Sandy ODESH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–71762.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2009.*

Filed March 27, 2009.

Alexander W. Tucker, Esquire, Law Offices of Alexander Tucker, San Diego, CA, for Petitioner.

Janet A. Bradley, Esquire, U.S. Department of Justice, Washington, DC, District Director, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HALL, SILVERMAN and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioner, a Chaldean Christian Iraqi citizen, seeks review of the denial of his

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

application for asylum and withholding of removal and of his request for relief pursuant to the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied relief because he found that petitioner was not credible and the Board of Immigration Appeals ("BIA") summarily affirmed. We conclude that the record adequately supports the adverse credibility determination and accordingly deny the petition for review.

We have jurisdiction to review this petition under 8 U.S.C. § 1252. Where the BIA summarily affirms the IJ's decision, "we review the IJ's decision as if it were that of the Board." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir.2008). The findings of fact are reviewed under the substantial evidence standard and a denial of asylum will be affirmed if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* "Reversal is warranted, however, if the evidence in the record compels a reasonable factfinder to conclude that the IJ's decision is incorrect." *Id.*; *see also INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (the BIA's decision can be reversed "only if the evidence presented by [petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed").

The IJ based his adverse credibility finding on petitioner's inability to name, during his testimony before the IJ, the Ba'ath Party, which was headed by Saddam Hussein, and which petitioner alleged had persecuted, detained, beaten, and sexually molested him. At a preliminary hearing before the IJ, petitioner was asked if he had reviewed his asylum application and his declaration with his attorney. Petitioner stated that he had, and that he understood all of the information contained in the application and declara-

tion and did not want to make any changes or additions. Again, at the commencement of his final hearing before the IJ, petitioner was asked if he had carefully reviewed his application and declaration with his attorney. He responded under oath that he had and that he understood all of the information contained in the application and declaration. The record shows that petitioner's declaration in support of his application for asylum mentioned the Ba'ath Party by name, and that he discussed the party with his attorney the day before his testimony. Petitioner's counsel attempted to excuse petitioner's inability to recall the name of the party based on petitioner's nervousness while testifying and his alleged limited intelligence. When the IJ reopened the evidence and asked petitioner to explain why he could not name the party that was specifically mentioned in his declaration, petitioner did not claim nervousness or forgetfulness; rather, his explanation was that he did not know how to read or write and did not know party names. Certainly, the dissent makes a strong argument that the IJ could have accepted these arguments, but we determine that IJ was not compelled to do so. The identity of those allegedly responsible for an applicant's persecution certainly goes to the heart of the applicant's claim. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004) (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003) that "[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Li's] claim of persecution, we are bound to accept the IJ's adverse credibility finding."). Reviewing the totality of the circumstances we find the IJ's adverse credibility determination to be adequately supported by substantial evidence.

Although petitioner objects that the IJ speculated that petitioner may not have even lived in Iraq, this arose from petition-

er's inability to name the Ba'ath Party, and was not critical to the IJ's adverse credibility determination. The IJ's comment did not make petitioner's testimony—the only evidence petitioner proffered in support of his specific claim of persecution—any less incredible.[1]

Where, as here, the application for withholding of deportation is based on the same evidence as the application for asylum, a petitioner's failure to establish eligibility for asylum forecloses the availability of withholding of deportation relief. *Gomes v. Gonzales,* 429 F.3d 1264, 1266 (9th Cir.2005); *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

Similarly, where, as here, a petitioner's CAT claim is based on statements that are found to be not credible, and the petitioner offers no other evidence to support his claim, the CAT claim is properly rejected. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

The petition to review the BIA's denial of asylum, withholding of removal, and relief under the Convention Against Torture is **DENIED.**

HALL, Circuit Judge, dissenting:

The majority today correctly states that the substantial evidence standard applies to adverse credibility determinations, but in the process refuses to acknowledge the body of Ninth Circuit law outlining when an Immigration Judge's (IJ) basis for making an adverse credibility determination is itself illegitimate and, thus, not accorded deference upon review. Here, the IJ rested his adverse credibility determination solely on impermissible grounds. I respectfully dissent.

"Although the substantial evidence standard is deferential, an adverse credibility finding must be based on specific, cogent reasons, which are substantial and bear a legitimate nexus to the finding." *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (internal quotations and citations omitted). "[W]e will not uphold an adverse credibility determination finding unless the IJ or BIA specifically explains the significance of the discrepancy or points to the petitioner's obvious evasiveness when asked about it." *Shah v. INS,* 220 F.3d 1062, 1068 (9th Cir.2000) (citations omitted).

Here, the IJ based his adverse credibility determination solely "on the simple fact that [Odesh] could not identify the name of the party headed by former president Saddam Hussein." The IJ did not rely on demeanor evidence, nor was there any other discrepancy between Odesh's oral testimony and his application, or any internal inconsistencies within his testimony. For purposes of evaluating the adverse credibility determination, it does not matter if Odesh either never knew the Ba'ath Party name or simply found it not important enough to be etched indelibly in his memory.[1] Odesh's ignorance of the Ba'ath Par-

1. Petitioner did submit documentary evidence concerning his Iraqi citizenship. Despite the IJ's ill-advised comment, he did find that petitioner was a native and citizen of Iraq. Both sides also submitted documentary evidence concerning the changed circumstances in Iraq and their impact on the Chaldean Christian community.

1. A simple example illustrates the point. Only about one-third of Americans can name the three branches of government, despite being taught the information as part of their primary education. *See http://www.ourcourts. org/about-our-courts* (last visited). Ostensibly many fewer Americans can *name* members of the President's cabinet, and yet, if asked if Eric Holder is the Attorney General, would likely acknowledge the truth of the statement, particularly if they had recently seen news coverage of his office. Similarly, Odesh's statement that he does not *know* the name of the Ba'ath Party does not mean that the name

ty name is a minor omission unless it "relates to the basis for his alleged fear of persecution" and goes to the "heart of his asylum claim." *Chebchoub*, 257 F.3d at 1043. Odesh testified that the "party" was Saddam Hussein's party, the members of the party persecuting him were part of the government, they accused him and his family of being spies and took him to the party's prison, and that the party was both a political and religious party. Odesh provided detailed testimony, wholly consistent with his declaration, sufficient to enable the IJ, and any other reasonable observer, to identify his persecutors. *See Aguilera–Cota v. INS*, 914 F.2d 1375, 1381–1383 (9th Cir.1990) (relying on the fact that petitioner did not lie or misrepresent facts on his asylum application, there was no contradiction between the application and the testimony, nothing suggested that the petitioner changed his account of the events, and there was no contradictory evidence in the record as a whole); *see also Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (holding that some non-English-speaking or illiterate applicants may have facts included in their applications by preparers, but that those inconsistencies are insufficient grounds for an adverse credibility determination unless coupled with other evidence of dishonesty or evasive answering).

Though Odesh supplied country conditions evidence that fully corroborated his testimony, from the record, it does not appear that the IJ considered it at all in making his adverse credibility determination. *See Chebchoub*, 257 F.3d at 1044 (noting importance of country conditions evidence in evaluating context of alleged persecution). In light of the total circumstances of this case, it is not material that Odesh, a Christian Iraqi unable to read or write, completely excluded from the political system, and discriminated against since childhood by Muslims, either does not remember or does not know the name of the Ba'ath Party, a fact which does not bear on his fear of, or ability to identify, his persecutors.

The majority states that the IJ's speculation was not critical to the adverse credibility determination. I disagree. Other than a bare conclusory statement that Odesh's inability to provide the proper name of the party was "at the core of his claim," the IJ's speculation that Odesh did not live in Iraq is the *only* explanation of the significance of Odesh's discrepancy provided. *See Shah*, 220 F.3d at 1068. There is no evidence to support the IJ's assumption, which does not, in fact, relate to Odesh's persecution. *See Gui v. INS*, 280 F.3d 1217, 1226 (9th Cir.2002) (IJ's own opinions do not constitute a "legitimate articulable basis" to support an adverse credibility determination); *see also Shah*, 220 F.3d at 1071–1072 (holding that adverse credibility determination could not be upheld where IJ speculated, without any evidence, that documents were unreliable or forged and granting asylum where petitioner's testimony was internally consistent and comported with asylum application). Odesh's identity as an Iraqi and presence in Iraq was not only uncontested, but was not an issue at all in this case. Once Odesh established through uncontested evidence that he was, in fact, an Iraqi citizen and present in Iraq at the time of his persecution, it is unclear what relevance the IJ's speculation could have in this case.

In short, Odesh's inability to ascribe the proper name of the Ba'ath Party has no

would not sound familiar to him, would seem incorrect to him, or even that he has never

been able to name the party.

bearing on his fear of persecution, or his honesty. *See Aguilera–Cota,* 914 F.2d at 1382. His testimony was internally consistent and comported with his asylum application, including dates, and the documents he submitted as corroboration. *See Shah,* 220 F.3d at 1072. Because the IJ's credibility determination was based on impermissible speculation, it is not entitled to any deference on review. I would instead remand to the BIA to determine Odesh's asylum eligibility in the first instance. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).