**Eduardo Tichy LIMONES–BRAVO, aka Carlos Ramirez–Obando, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74873.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Randy J. Tunac, Esquire, Allen & Tunac, PLLC, Phoenix, AZ, for Petitioner.

OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Laurie Snyder, U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Eduardo Tichy Limones–Bravo, a native and citizen of Ecuador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding of no past persecution because unfulfilled threats generally do not constitute persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). In the absence of past persecution, Limones–Bravo is not entitled to a presumption of a well-founded fear of future persecution, *see Nagoulko*, 333 F.3d at 1018, and substantial evidence supports the BIA's finding that Limones–Bravo did not establish a well-founded fear of future persecution because he failed to show an objective basis for his fear of persecution given the current country conditions. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005). Accordingly, Limones–Bravo's asylum claim fails.

Because Limones–Bravo failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

We lack jurisdiction to review Limones–Bravo's CAT claim because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.