MEMORANDUM **
Gurdev Singh Ghotra, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Gomes v. Gonzales, 429 F.3d 1264, 1266 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.
Substantial evidence supports the agency’s conclusion that, even if Ghotra demonstrated past persecution, the government established by a preponderance of the evidence that it is reasonable for Ghotra to relocate. See 8 C.F.R. § 1208.13(b)(3); see also Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 998-99 (9th Cir.2003). Accordingly, Ghotra’s asylum claim fails.
Because Ghotra failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
*610 Substantial evidence also supports the agency’s denial of CAT protection because Ghotra failed to demonstrate it is more likely than not he will be tortured if returned to India. See 8 C.F.R. § 1208.16(c)(3)(ii); see also Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
We lack jurisdiction to consider Ghotra’s claims that he is a member of a disfavored group and that he qualifies for humanitarian asylum because he failed to exhaust these claims before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
Finally, we decline to reach those issues raised for the first time by Ghotra in his reply brief. See Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir.1996) (per curiam) (“Issues raised for the first time in the reply brief are waived.”).
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.