**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARK STEPHEN GOMES; SWORNA
JACINTA GOMES; METHEW GOMES,
                    *Petitioners,*

            v.

ALBERTO R. GONZALES, Attorney
General,
                    *Respondent.*

No. 03-73683

Agency Nos.
A70-641-041
A70-641-042
A70-641-043

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 15, 2005*
Pasadena, California

Filed December 6, 2005

Before: J. Clifford Wallace, Barry G. Silverman, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan

―――――――――――――――

*The panel finds this case appropriate for submission without oral argu-
ment pursuant to Fed. R. App. P. 34(a)(2).

## COUNSEL

Garish Sarin, Los Angeles, California, for the petitioners.

Peter D. Keisler, Assistant Attorney General, Norah Ascoli Schwarz, and John A. Nolet, Washington, D.C., for the respondent.

## OPINION

CALLAHAN, Circuit Judge:

Petitioners, Mark and Sworna Gomes and their son, Methew, natives and citizens of Bangladesh and members of the Catholic faith, seek asylum or withholding of deportation based on their fear of persecution should they be returned to Bangladesh. The Board of Immigration Appeals ("BIA") denied petitioners relief and petitioners filed a timely petition for review pursuant to 8 U.S.C. § 1252. We deny the petition for review.

## I

Petitioners entered the United States in 1991 or 1992, and applied for asylum and withholding of deportation in 1995. On June 22, 1995, an Immigration Judge ("IJ") rejected petitioners' claim of persecution based on their status as active Christians and denied relief. Petitioners appealed to the BIA which on June 10, 1996, affirmed the denial of asylum.

Petitioners did not file a petition for review from the BIA's June 1996 order. In September 1996, however, they filed a motion to reopen with the BIA alleging that conditions in Bangladesh had deteriorated since 1995 for Christians and that the new government would not protect them from Muslim extremists. The BIA granted the motion to reopen and remanded the case to the IJ for further proceedings. The BIA noted that petitioners' documents indicated that circumstances had materially changed in Bangladesh since the time of the IJ's decision.

The IJ held further hearings and then denied relief. On appeal, the BIA affirmed the IJ's denial of relief and dismissed petitioners' appeal. The BIA determined that petitioners did not have an objectively reasonable basis for their asylum claim because the evidence did not establish "that they have a good reason to fear that they will be singled out for persecution by Muslim extremists on account of their religion where the government would be unable or unwilling to protect them."[1] Petitioners now petition for review.

---

[1]The BIA concluded that there was no pattern of persecution, explaining:

> there is no evidence establishing that the allegations of isolated violence against the male respondent's brother creates a pattern of persecution closely related to respondents. . . . Here, the male respondent's brother allegedly was killed in his village on account of his religious activism. The circumstances of the brother's death are distinguishable from the circumstances of the

II

The Attorney General has the discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1). A refugee is defined in 8 U.S.C. § 1101(a)(42) as a person unable to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." If an applicant proves that he or she is the victim of past persecution, then a presumption arises of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13. Where an applicant is unable to establish past persecution, the applicant may nevertheless be entitled to relief if he or she proves the existence of a well-founded fear of future persecution — *i.e.*, a fear that is both subjectively genuine and objectively reasonable. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1213 (9th Cir. 2004). "Even a ten percent chance that the applicant will be persecuted in the future is enough to establish a well-founded fear." *Id.*

The BIA's factual determination that an alien is ineligible for asylum is reviewed under the substantial evidence standard. *Mgoian v. INS*, 184 F.3d 1029, 1034 (9th Cir. 1999); *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir. 1999). The court "must sustain factual findings if supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

respondents' return. Unlike the male respondent's brother [who] engaged [in] religious activism, the respondents are not active in Catholic organizations in Bangladesh, even though the opportunity has been present. . . . Moreover, the respondents have not shown that it would be unreasonable for them to relocate. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Instead, the evidence tends to show that, like respondents' family in Bangladesh, who left the village after their relative's homicide in May 1999, and who have experienced only harassment in D[h]aka [sic] that does not rise to the level of persecution, the respondents can safely relocate.

The test for reversal of an agency finding of ineligibility is whether the evidence presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). *See also Mgoian*, 184 F.3d at 1034 ("we reverse only if the evidence presented to the BIA was so compelling that no reasonable trier of fact could fail to find the requisite fear of persecution.").

To prevail on a withholding of deportation claim, an applicant must show that there is a clear probability of persecution if he or she returns. *Artega v. INS*, 836 F.2d 1227 (9th Cir. 1988). Because the asylum standard is more lenient, a petitioner's failure to establish eligibility for asylum forecloses the availability of withholding of deportation relief. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

## III

Petitioners challenge the deportation order claiming that the BIA erred in (1) failing to find a pattern or practice of persecution against individuals such as petitioners, (2) suggesting that petitioners could relocate safely to another part of Bangladesh, and (3) refusing to consider past persecution in the reopened proceedings. We consider each claim in order, but find none to be persuasive.

[1] Petitioners' claim of changed circumstances was primarily based on the murder of Mr. Gomes' brother by a Muslim extremist. As noted, however, the BIA found that Mr. Gomes' situation was different from that of his brother, and that there was evidence that the government was not indifferent to the murder.[2] Furthermore, the Country Reports on

---

[2]The BIA noted:

while the authors of the letters submitted by the respondents claim that the police never investigated the male respondent's brother's death, . . . the female respondent testified that the police did respond to the harm against her brother-in-law by investigating and issuing warrants for the suspected perpetrators of his homicide.

Human Rights Practices for Bangladesh prepared by the United States Department of State ("Country Reports") that were admitted before the IJ stated that the Bangladesh government did not countenance attacks against Christians and intervened in such attacks to the extent that it was able. Petitioners failed to show that the BIA's determination that there was no pattern or practice of persecution of Christians or Catholics was not supported by reasonable, substantial and probative evidence.

**[2]** Similarly, petitioners' claim that they cannot safely relocate in Bangladesh is not supported by compelling evidence. The claim is countered by evidence that in 1991, petitioners relocated to Dhaka and lived there without incident prior to entering the United States. Moreover, the Country Reports indicated that the government responded when a Catholic church was attacked and that the government respects its citizens' rights to observe the religions of their choice. There was testimony that petitioners' family members were harassed on their way to weekly Catholic services in Dhaka, however, this conduct, although offensive, does not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (throwing rocks by groups not related to the government not compelling evidence of persecution); *Ghaly*, 58 F.3d at 1431 ("where private discrimination is neither condoned by the state nor the prevailing social norm, it clearly does not amount to 'persecution' within the meaning of the Act.").

**[3]** Finally, petitioners have failed to demonstrate that they are entitled to any relief because the BIA did not address past persecution in its second decision. Petitioners did not seek judicial review of the BIA's initial rejection of their petition for asylum, which alleged past persecution, and their successful motion to reopen alleged only changed circumstances in Bangladesh. Thus, petitioners only sought to bolster their claim of future persecution. Petitioners' failure to file a timely petition for review from the BIA's initial rejection of their

petition for asylum bars this court from reviewing that decision. *See Stone v. INS*, 514 U.S. 386, 395 (1995). On this record, petitioners have failed to demonstrate that the BIA abused its discretion or otherwise erred in not reconsidering its prior determination that petitioners had failed to establish past persecution.

The petition for review is **DENIED**.