**Japheth Otieno OBARE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71781.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Japheth Otieno Obare, a native and citizen of Kenya, petitions for review of the

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

order of the Board of Immigration Appeals ("BIA") that adopted and affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir.2005), and we deny the petition for review.

Substantial evidence supports the IJ's and BIA's decision that Obare failed to establish religious persecution by forces the Kenyan government is either unable or unwilling to control. *See id.* at 1154. Furthermore, substantial evidence in the record demonstrates that Obare could safely relocate within Kenya. *See Gomes v. Gonzales,* 429 F.3d 1264, 1267 (9th Cir.2005). Accordingly, Obare failed to establish a well-founded fear of future persecution. *See id.*

Because Obare failed to meet his burden for asylum, he necessarily did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's and BIA's decision that Obare has not shown that it is more likely than not that he would be tortured if he returns to Kenya. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

**PETITION DENIED.**