**Shaikh Singh DALWAR, aka Shaikh Dalwar Hussain, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75381.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007.*

Filed Aug. 22, 2007.

Christopher L. Garrett, Esq., Perkins Coie, LLP, Portland, OR, for Petitioner.

Dalwar Shaikh Singh, Tacoma, WA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Christopher Lee Pickrell, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: HALL, TASHIMA, and CALLAHAN, Circuit Judges.

---

* This panel previously granted the parties' joint motion to submit this case without oral argu-ment.

*MEMORANDUM* **

Shaikh Singh Dalwar petitions for review of a final order of removal by the Board of Immigration Appeals ("BIA"). The Immigration Judge ("IJ") found that Shaikh did not meet his burden of establishing past persecution or a well-founded fear of future persecution and denied Shaikh's requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Additionally, the IJ found that Shaikh had firmly resettled in India, and that this was a mandatory bar to asylum. Furthermore, the IJ held that even if Shaikh had established future persecution, the government successfully demonstrated that Shaikh could reasonably relocate within Bangladesh. The BIA affirmed, and because the agency's determinations that Shaikh failed to establish past persecution or a well-founded fear of future persecution are supported by substantial evidence, we deny the petition for review.

■ Shaikh bases his claim of past political persecution on events that allegedly took place between 1979 and 1981. The incidents Shaikh described, twenty to twenty-five Awami League Party ("ALP") members throwing stones, brandishing guns, and shouting threats at his group of one to two thousand Bangladesh National Party ("BNP") members on their way to BNP meetings, do not rise to the level of persecution. We have consistently required more to establish past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (harassment, threats, and one beating not enough); *Prasad v. INS*, 47 F.3d 336, 339, 340 (9th Cir.1995) (minor abuse during 6–hour detention and throwing rocks at house not enough); *Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir.

2005) (harassment on the way to religious services not enough). Shaikh was never personally targeted, and the harm he suffered from the stones is too attenuated. Furthermore, Shaikh failed to demonstrate that the "persecution" was committed by forces the government was unable or unwilling to control. The BIA found that past persecution was not established, and we are not compelled to the contrary. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Shaikh could still qualify for relief if he made a compelling showing of a well-founded fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir.2007). Although Shaikh's credible testimony demonstrates a subjective fear of harm if he returns to Bangladesh, he must also produce "credible, direct, and specific evidence ... of facts that would support a reasonable fear." *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir.2000) (internal quotation marks and citation omitted). He failed to do so. The letter from BNP leaders in Chittagong describes the dire political situation, but does not detail any specific threats to Shaikh and does not explain how the BNP leaders manage to reside safely in Chittagong. The letter from Shaikh's son was written in English specifically for the IJ and also does not recount any specific threats to Shaikh. Finally, Shaikh's own testimony is vague and conclusory, and it fails to offer any explanation for why the ALP would persecute Shaikh, who was never more than an "active member" of the BNP, and has not returned to Bangladesh since 1989. The evidence Shaikh presented does not establish an objectively reasonable fear of harm in Bangladesh.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

For the foregoing reasons, the petition for review is **DENIED.**[1]

1. Because we find that Shaikh has failed to show past persecution or a well-founded fear of future persecution, we do not address the agency's alternate grounds for denying relief based on firm resettlement in India and reasonable relocation in Bangladesh.