**Raheal MESFIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73604.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2008.

Filed Oct. 6, 2008.

Olivia Lee, Evangeline G. Abriel, Director, Legal Analysis, Research, and Writing, Santa Clara University School of Law, Santa Clara, CA, Raheal Mesfin, Oakland, CA, for Petitioner.

Ada E. Bosque, Esquire, Rebecca Ariel Hoffberg, Esquire, Trial, Jonathan F. Potter, Esquire, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Raheal Mesfin, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' denial of her application for asylum,[1] withholding of removal,[2] and Convention Against Torture[3] (CAT) relief. We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.; see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution." *Elias–Zacarias*, 502 U.S. at 483–84, 112 S.Ct. at 817. The same standard applies to credibility determinations. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir.2004). That includes determinations that corroborative evidence was available. *See* 8 U.S.C. § 1252(b)(4)(D). However, when a determination is based upon credibility, " 'a specific, cogent reason' " for disbelieving the alien must be offered. *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir.2004).

■ We have reviewed the record and are satisfied that the BIA's decision was supported by substantial evidence. The BIA agreed with the Immigration Judge that Mesfin lacked credibility. It was proper for the IJ to rely upon Mesfin's demeanor in making that determination; in fact we owe the IJ deference in that respect. *See Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir.2005); *Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999); *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818 (9th Cir.1994). Moreover, there were contradictions between Mesfin's testimony before the IJ and statements she had made in her asylum application and at her interview by an asylum officer. Those went to the very heart of her claim that she had been persecuted. Of course, even one ground going to the heart of the claim would sufficiently support the lack of credibility determination,[4] and there were a number of grounds here. Finally, Mesfin failed to submit corroborating evidence,[5]

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 8 U.S.C. § 1158.

2. 8 U.S.C. § 1231(b)(3).

3. United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85, *implemented at* 8 C.F.R. § 208.18.

4. *See Li v. Ashcroft*, 378 F.3d 959, 963–64 (9th Cir.2004) (holding failure to mention most serious allegation of mistreatment indicates untruthfulness); *Wang v. INS*, 352 F.3d 1250, 1257, 1259 (9th Cir.2003) (same).

5. Mesfin's reasons for failure to submit corroborating evidence were entirely inadequate.

which, as the IJ determined, was reasonably available.[6]

 In fine, the BIA did not err when it determined that Mesfin had not shown that she was entitled to asylum consideration. *See Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc). That being so, she necessarily failed to establish entitlement to withholding of removal. *See id.* at 960–61; *see also Gomes v. Gonzales,* 429 F.3d 1264, 1266 (9th Cir.2005). Moreover, no evidence in the record established that she would be in danger of being tortured should she be removed to Ethiopia. Thus, she was not entitled to CAT relief. *See* 8 C.F.R. § 208.18(a)(1); *Farah,* 348 F.3d at 1156–57.

Petition DENIED.

*See Unuakhaulu v. Gonzales,* 416 F.3d 931, 938 (9th Cir.2005); *Li,* 378 F.3d at 964; *Chebchoub v. INS,* 257 F.3d 1038, 1044–45 (9th Cir.2001).

