**XIANTONG LAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–76388.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2009.

Filed May 12, 2009.

---

2. Because the parties are familiar with the facts and procedural history, we do not re-state them here except as necessary to explain our disposition.

Peter Afrasiabi, Turner Green Afrasiabi & Arledge LLP, Costa Mesa, CA, for Petitioner.

Xiantong Lan, Rosemead, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Tracie Nicole Jones, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and QUIST,* District Judge.

## MEMORANDUM **

Xiantong Lan ("Lan"), a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision affirming an IJ's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Lan claimed past persecution and a fear of future persecution based on his experiences as a Zhong Gong practitioner. The IJ made an adverse credibility determination in connection with Lan's failed attempt to establish his identity. The Board of Immigration Appeals ("BIA") agreed that Lan had failed to establish his identity. Lan filed a timely petition for review and we deny the petition because we cannot find that the record compels reversal of the adverse credibility determination.[1]

We review the findings of eligibility for asylum and denial of withholding of removal under the substantial evidence standard. *Malkandi v. Mukasey*, 544 F.3d 1029, 1035 (9th Cir.2008). Adverse credibility findings are also reviewed for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). "Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' 8 U.S.C. § 1252(b)(4)(B)." *Malkandi*, 544 F.3d at 1035. Where, as here, a petitioner challenges the IJ's credibility determination as

---

* The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

erroneous, he must establish that the evidence not only supports his position, but compels it. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We find the adverse credibility determination in this case to be based on substantial evidence. Petitioner entered the country with a regularly issued passport and visa in the name of Xianzhao Lan. Petitioner's picture was attached to each document. Petitioner, however, testified that he is *Xiantong* Lan, and that *Xianzhao* Lan is his brother. He further testified that this brother had procured the passport and visa for him without his knowledge. The only evidence petitioner offered to support his testimony was a birth certificate issued in China in 2002, which was after petitioner had arrived in the United States. Petitioner, however, stated that he requested the birth certificate in 2003, and his testimony as to how he obtained the birth certificate was vague. Although a picture of petitioner as an adult was attached to the birth certificate, petitioner could not say how this came about, and the birth certificate was not properly authenticated, although it appears to have been notarized. This evidence does not compel the conclusion that petitioner is not Xiangzhao Lan.

Petitioner's reliance on *Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999), is misplaced. There, we distinguished between "false statements made to establish the critical elements of the asylum claim from false statements made to evade INS officials." *Id.* at 956. In *Akinmade,* there was no question that the proffered Canadian passport was false, and the issue was whether the admittedly false passport could serve as a basis for an adverse credibility determination as to petitioner's claim of persecution in his native Nigeria. Here, petitioner has not established his identity, or that his regularly issued passport and

visa are false. Although he claims that they are, the proffered proof of his identity is a birth certificate issued in China after petitioner left China and apparently a year before petitioner sought a birth certificate. This is not sufficient to meet petitioner's burden of establishing his identity. Because the inconsistencies between the passport and visa and the birth certificate are central to establishing petitioner's identity, they "go to the heart of the asylum claim" and are not "minor inconsistencies." *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).

The IJ's concern with petitioner's credibility is also supported by petitioner's implausible testimony that even though he was being persecuted for practicing Zhong Gong, and that the police were watching his house, three people came to his house three times a week to learn Zhong Gong and that they practiced Zhong Gong when the police were not present.

Because petitioner has not met the eligibility requirements for asylum, he does not meet the stricter requirements for withholding of removal. *See Gomes v. Gonzales,* 429 F.3d 1264, 1266 (9th Cir.2005). Also, petitioner has failed to carry his burden of showing that it is more likely than not that he would be tortured if returned to China, and therefore does not qualify for relief under the CAT. *See Villegas v. Mukasey,* 523 F.3d 984, 988 (9th Cir.2008).

Petitioner's arguments were well presented by counsel both in the briefs and at oral argument, however, we can reverse only if the evidence presented by the petitioner compels findings contrary to those made by the IJ and the BIA. *See* 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because we are not so compelled, the petition for review is **DENIED.**

SILVERMAN, Circuit Judge, dissenting:

We defer to an immigration judge's adverse credibility finding so long as there is a basis in the record for the finding. If the IJ's finding amounts to nothing more than a guess, it is not supported by substantial evidence. *See Zhou v. Gonzales,* 437 F.3d 860, 865 (9th Cir.2006); *Shire v. Ashcroft,* 388 F.3d 1288, 1295–96 (9th Cir. 2004).

Here, the lynchpin of the IJ's ruling was her disbelief of petitioner's testimony that the Chinese passport bore his photo but his brother's name. He testified that the passport had been obtained for him by his brother so that he could escape from China. The IJ looked at a photocopy of the passport; the passport did not look phony to her, and so she proclaimed it valid and the petitioner a liar.

It is not inconceivable that the petitioner is, in fact, lying about the provenance of the passport. By the same token, it is not beyond the realm of possibility that the passport was obtained just as the petitioner testified. The problem is that there is simply no way one can tell just by looking at it, yet that is exactly what the IJ purported to do. Speculation and conjecture are not entitled to deference.

Furthermore, it is worth noting that the petitioner's conduct upon entering the United States is consistent with his story. At his very first asylum interview, petitioner volunteered of his own accord that the passport he used to enter the country was fraudulent. If he were trying to pull a fast one on U.S. immigration authorities, how he could benefit from volunteering that the passport with which he gained entry to United States looks real but isn't?

Petitioner tendered what he represented to be his real birth certificate, bearing his photo. The IJ deemed this document a phony because it bore an issuance date prior to his arrival in the United States. The petitioner explained that his brother—who obtained the false passport before petitioner left China—also procured this birth certificate. These documents were all obtained at around the same time. Again, maybe this is true, maybe it's not, but I fail to see what basis the IJ has to reject this testimony other than conjecture.

The IJ also found incredible petitioner's testimony that he managed to avoid being caught practicing Zhong Gong at his home. It is not unheard of for an asylum applicant to exaggerate his encounters with the police. Here, paradoxically, the petitioner is minimizing them. In any event, I do not see what is so inherently incredible about petitioner's claim that he was able to practice Zhong Gong at home, behind closed doors, without having been caught—especially since he was actively trying to avoid detection. If the testimony is not inherently implausible, the IJ needs a non-speculative reason to disbelieve it. *See Jibril v. Gonzales,* 423 F.3d 1129, 1135 (9th Cir. 2005). That reason is lacking here.

Because the IJ's adverse credibility determination was not supported by substantial evidence, I respectfully dissent. I would grant the petition for review and remand to the BIA for consideration of whether Lan was eligible for asylum, withholding of removal, and CAT relief in the first instance.