MEMORANDUM **
Xiantong Lan (“Lan”), a native and citizen of China, petitions for review of the Board of Immigration Appeals’ decision affirming an IJ’s denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Lan claimed past persecution and a fear of future persecution based on his experiences as a Zhong Gong practitioner. The IJ made an adverse credibility determination in connection with Lan’s failed attempt to establish his identity. The Board of Immigration Appeals (“BIA”) agreed that Lan had failed to establish his identity. Lan filed a timely petition for review and we deny the petition because we cannot find that the record compels reversal of the adverse credibility determination.[1]
We review the findings of eligibility for asylum and denial of withholding of removal under the substantial evidence standard. Malkandi v. Mukasey, 544 F.3d 1029,1035 (9th Cir.2008). Adverse credibility findings are also reviewed for substantial evidence. Gui v. INS, 280 F.3d. 1217, 1225 (9th Cir.2002). “Under the substantial evidence standard, ‘administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.’ 8 U.S.C. § 1252(b)(4)(B).” Malkandi, 544 F.3d at 1035. Where, as here, a petitioner challenges the IJ’s credibility determination as *29 erroneous, he must establish that the evidence not only supports his position, but compels it. Farah v. Ashcroft, 348 F.3d 1153,1156 (9th Cir.2003).
We find the adverse credibility determination in this case to be based on substantial evidence. Petitioner entered the country with a regularly issued passport and visa in the name of Xianzhao Lan. Petitioner’s picture was attached to each document. Petitioner, however, testified that he is Xiantong Lan, and that Xianzhao Lan is his brother. He further testified that this brother had procured the passport and visa for him without his knowledge. The only evidence petitioner offered to support his testimony was a birth certificate issued in China in 2002, which was after petitioner had arrived in the United States. Petitioner, however, stated that he requested the birth certificate in 2003, and his testimony as to how he obtained the birth certificate was vague. Although a picture of petitioner as an adult was attached to the birth certificate, petitioner could not say how this came about, and the birth certificate was not properly authenticated, although it appears to have been notarized. This evidence does not compel the conclusion that petitioner is not Xiangzhao Lan.
Petitioner’s reliance on Akinmade v. INS, 196 F.3d 951, 956 (9th Cir.1999), is misplaced. There, we distinguished between “false statements made to establish the critical elements of the asylum claim from false statements made to evade INS officials.” Id. at 956. In Akinmade, there was no question that the proffered Canadian passport was false, and the issue was whether the admittedly false passport could serve as a basis for an adverse credibility determination as to petitioner’s claim of persecution in his native Nigeria. Here, petitioner has not established his identity, or that his regularly issued passport and visa are false. Although he claims that they are, the proffered proof of his identity is a birth certificate issued in China after petitioner left China and apparently a year before petitioner sought a birth certificate. This is not sufficient to meet petitioner’s burden of establishing his identity. Because the inconsistencies between the passport and visa and the birth certificate are central to establishing petitioner’s identity, they “go to the heart of the asylum claim” and are not “minor inconsistencies.” See Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003).
The IJ’s concern with petitioner’s credibility is also supported by petitioner’s implausible testimony that even though he was being persecuted for practicing Zhong Gong, and that the police were watching his house, three people came to his house three times a week to learn Zhong Gong and that they practiced Zhong Gong when the police were not present.
Because petitioner has not met the eligibility requirements for asylum, he does not meet the stricter requirements for withholding of removal. See Gomes v. Gonzales, 429 F.3d 1264, 1266 (9th Cir.2005). Also, petitioner has failed to carry his burden of showing that it is more likely than not that he would be tortured if returned to China, and therefore does not qualify for relief under the CAT. See Villegas v. Mukasey, 523 F.3d 984, 988 (9th Cir.2008).
Petitioner’s arguments were well presented by counsel both in the briefs and at oral argument, however, we can reverse only if the evidence presented by the petitioner compels findings contrary to those made by the IJ and the BIA. See 8 U.S.C. § 1252(b)(4)(B); see also INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because we are not so compelled, the petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.