**Mohammad Omair QAZI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–76055.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 25, 2009.

R.App. P. 34(a)(2).

684

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Mary Jane Candaux, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Mohammad Omair Qazi, a native of Saudi Arabia and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Qazi does not challenge the IJ's finding regarding past persecution.

Substantial evidence supports the IJ's conclusion that Qazi has not demonstrated a well-founded fear of future persecution. *See id.* at 1018; *see also Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (fear of persecution undermined by current country conditions, *inter alia*).

By failing to qualify for asylum, Qazi necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001).

Substantial evidence also supports the IJ's denial of CAT relief because Qazi failed to establish that it is more likely than not he will be tortured if he returns to Pakistan. *See Singh v. Ashcroft*, 351 F.3d 435, 443 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**