**LIN LIN, a.k.a. Li Wei Huang, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73177.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed July 19, 2010.

Allan A. Samson, Esquire, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esquire, Peter H. Matson, Esquire, Karen Y. Stewart, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

### MEMORANDUM **

Lin Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations and we review for substantial evidence factual findings. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the threats Lin received and the property damage her family suffered did not establish past persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (unfulfilled threats do not constitute persecution). Substantial evidence also supports the BIA's conclusion that Lin reasonably could relocate within China, particularly given that prior to her arrival in the United States, she lived without any problems in Shanghai for an extended period of time with her two children. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *Gomes v. Gonzales,* 429 F.3d 1264, 1267 (9th Cir.2005). Accordingly, Lin's asylum claim fails.

Because Lin did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the BIA's conclusion that Lin is not eligible for CAT relief because she failed to show that it is more likely than not that she would be tortured if removed to China. *See Wakkary,* 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

