**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSELYN L. TSE, | No. 07-72696 |
| Petitioner, | Agency No. A072-176-957 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 14, 2011
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and ANELLO, District Judge.[**]

Roselyn L. Tse ("Tse"), a native and citizen of the Phillippines, petitions for

review of the Board of Immigration Appeals ("BIA") order dismissing her appeal

from an Immigration Judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the BIA's determination that, even if Tse established past persecution, any presumption of a well-founded fear was rebutted by evidence that she could reasonably relocate within the Phillippines. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B).

According to the 2005 Country Report issued by the U.S. Department of State, violence exists in the Mindanao province and nearby islands. Tse testified that neither she nor any of her family members experienced violence outside of the provinces in Mindanao. She further testified that her mother and ten siblings have successfully relocated within the Philippines to areas outside of Mindanao and that they have not experienced any harassment or violence since 1988. *Gonzalez-Hernandez*, 336 F.3d at 998–99 (presumption was rebutted where the BIA rationally construed an ambiguous country report and provided an individualized analysis of the petitioner's situation). Thus, the government met its burden to demonstrate by a preponderance of the evidence that Tse can reasonably relocate internally to an area of safety within the Philippines. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (holding the ability of similarly

2

situated family members to live safely in the country of origin undermined an asylum applicant's well-founded fear of returning to that country); *Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (same). Accordingly, Tse's asylum claim fails.

Because Tse did not establish she had a well-founded fear of returning to her home country for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Tse's application for relief under the Convention Against Torture fails because she did not show that she was ever tortured, nor any likelihood that she would be tortured upon her return.

**PETITION FOR REVIEW DENIED.**