**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAO WU, | No. 11-70906 |
| Petitioner, | Agency No. A099-049-161 |
| v. | |
| LORETTA E. LYNCH, Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2015[**]
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[***] District
Judge.

Petitioner Tao Wu seeks review of a decision by the Board of Immigration

Appeals (BIA) to deny his applications for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan Lefkow, District Judge for the Northern District
of Illinois, sitting by designation.

protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We deny Wu's petition for review.

Substantial evidence supported the agency's adverse credibility determination. The Immigration Judge (IJ) and the BIA correctly cited inconsistencies in Wu's testimony, including statements concerning his unemployment benefits after being terminated from the Tianjin Electrical Company and explanations for why his wife had not been arrested or detained by the Chinese government.

Additionally, Wu's past mistreatment by the Chinese police did not constitute "persecution," which we define as "'the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive.'" *Khup v. Ashcroft*, 376 F.3d 898, 903 (9th Cir. 2004) (quoting *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir. 1996)). Although the police detained Wu for around fifteen minutes and beat him, the record does not compel the conclusion that this attack amounted to past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006). Wu also has not shown a well-founded fear of future persecution based on his political beliefs should he return to China.

Since Wu does not carry his burden to show persecution for asylum purposes, he cannot meet the more stringent withholding of removal and CAT standards. *See Gomes v. Gonzales*, 429 F.3d 1264, 1266 (9th Cir. 2005); *Nuru v. Gonzales*, 404 F.3d 1207, 1224-25 (9th Cir. 2005).

**DENIED.**