Anne Wangari **MWAGIRU**, Petitioner,

v.

Jefferson B. **SESSIONS III**, Attorney General, Respondent.

No. 14-71487

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed November 13, 2017

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Kelsey Beckner, Beckner Immigration Law PLLC, Seattle, WA, for Petitioner

OIL, Jesi J. Carlson, Senior Litigation Counsel, Laura M.L. Maroldy, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Anne Wangari Mwagiru, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8

** This disposition is not appropriate for publication and is not precedent except as provid-

U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Mwagiru failed to demonstrate changed or extraordinary circumstances to excuse her untimely-filed asylum application. *See* 8 C.F.R. §§ 1208(a)(4), (5). Thus, we deny the petition for review as to Mwagiru's asylum claim, including her claim to a humanitarian grant of asylum.

As to Mwagiru's withholding of removal claim, the record does not compel the conclusion that she was harmed on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner failed to establish the harm he feared bore any nexus to a protected ground); *cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (discussing *Zetino*). Substantial evidence supports the agency's conclusion that Mwagiru failed to establish a clear probability of future persecution because she did not demonstrate it would be unreasonable for her to relocate within Kenya. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (fear of future persecution undermined by prior successful internal relocation). Thus, we deny the petition for review as to withholding of removal.

Finally, substantial evidence supports the agency's denial of CAT relief because Mwagiru failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the Kenyan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

ed by Ninth Circuit Rule 36-3.

RAYMOND C. FISHER, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority in most respects but would grant the petition on Mwagiru's withholding of removal claim. Women or girls who reasonably fear the gender-based persecution of FGM qualify as members of a particular social group. *See Mohammed v. Gonzales*, 400 F.3d 785, 798 (9th Cir. 2005). Here, the BIA concluded the past harm Mwagiru suffered "was not inflicted on account of a protected ground but rather based on a personal dispute she had with her husband." But the timing of the beating—immediately after Mwagiru told her husband she opposed FGM and would not be subjected to it, in part because she was a Christian—and the context of his having previously and repeatedly complained about her not being circumcised, compels the conclusion that her expressed opposition to FGM was "a reason," even if not the "one central reason," for the beating. *See Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017). I therefore respectfully dissent from this portion of the majority's disposition.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.