NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEEPAK LAMA,

        Petitioner,

  v.

ROBERT M. WILKINSON, Acting
Attorney General,

        Respondent.

No.   19-71375

Agency No. A202-130-884

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2021
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and FEINERMAN,** District
Judge.

Deepak Lama, a citizen of Nepal, petitions for review of a decision by the

Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

(IJ) order denying his claims for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

The IJ found that Lama had suffered past persecution on account of his political activity and was entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). But, the IJ also found that the government had rebutted the presumption, and the BIA then dismissed Lama's appeal on the sole basis that Lama could safely and reasonably relocate within Nepal, to Chitwan, where he previously resided for five years without incident. Our review is limited to the ground on which the BIA relied. *Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019).

When the presumption of a well-founded fear of future persecution applies, the government bears the "burden of showing that relocation is both safe and reasonable under all the circumstances" by a preponderance of the evidence. *Afriyie v. Holder*, 613 F.3d 924, 934 & n.8 (9th Cir. 2010), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1070 (9th Cir. 2017). "Relocation analysis consists of two steps: (1) 'whether an applicant could relocate safely,' and (2) 'whether it would be reasonable to require the applicant to do so.'" *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (quoting *Afriyie*, 613 F.3d at 934). We

---

[1] The BIA found that Lama forfeited his claim under the Convention Against Torture. Lama does not challenge that ruling in this court.

conclude that the BIA's limited relocation analysis does not satisfy the applicable legal requirements.

*First*, the agency "failed to take into account the numerous factors for determining reasonableness outlined in 8 C.F.R. § 1208.13(b)(3)." *Knezevic v. Ashcroft*, 367 F.3d 1206, 1215 (9th Cir. 2004). Relying on Lama's stay in Chitwan between 2003 and 2008, the agency provided no analysis of whether it would be reasonable for Lama to relocate there at the time of his hearing, in 2017. Lama demonstrated that he experienced persecution in Nepal both in his hometown and later in Kathmandu, and that this persecution took place both before and after he lived in Chitwan. While his time in Chitwan appears to have been without incident, he last lived there many years ago. The government presented no evidence that Lama could safely and reasonably return there now, considering both the current political situation in Chitwan and Lama's personal circumstances. *See Singh*, 914 F.3d at 661.

*Second*, the BIA's analysis rests on an apparent misapprehension of the record. The BIA stated that "[t]he record contains *no evidence* that it would no longer be safe or reasonable for [Lama] to once again return to [Chitwan] where he had previously voluntarily relocated and resided for approximately 5 years without incident." (Emphasis added.) But the record contains a 2016 letter written to Lama from his uncle, with whom he lived in Chitwan, indicating that Lama would not be

3

safe there. The BIA did not consider this evidence. And to the extent the BIA "erroneously presumed that relocation was reasonable and improperly assigned the burden of proof to [Lama] to show otherwise," *Afriyie*, 613 F.3d at 935, it erred in that respect as well. *See also* 8 C.F.R. § 1208.13(b)(3)(ii) (burden of proof).

*Gomes v. Gonzales*, 429 F.3d 1264 (9th Cir. 2005), does not support the government's position that because Lama once resided in Chitwan without incident, "it is axiomatic that he can do so again." In *Gomes*, unlike this case, the petitioners had not shown past persecution and thus bore the burden to show that relocation was unreasonable. *Id.* at 1266–67 & 1266 n.1. In addition, unlike Lama, it appears that the petitioners in *Gomes* had safely resided in the area in question immediately prior to entering the United States. *See id.* at 1267. *Gomes* also did not involve the BIA failing to address evidence (here the letter from Lama's uncle) indicating that relocation to the designated area could be unsafe.

For the foregoing reasons, we grant the petition and remand this matter to the BIA for further proceedings consistent with this decision. Any relocation analysis must comport with the governing regulations and this court's precedents. *See* 8 C.F.R. § 1208.13(b)(3); *Singh*, 914 F.3d at 659–61. We also dismiss as moot the portion of Lama's petition challenging the BIA's denial of his motion to remand.

**PETITION FOR REVIEW GRANTED IN PART AND DISMISSED IN PART; REMANDED.**

4