**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICCY PATRICIA GRANADOS
MARQUEZ, N.D.G.M.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3806

Agency Nos.
A220-676-814
A220-152-405

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Riccy Patricia Granados Marquez ("Petitioner") and her minor child,

citizens of Honduras, seek review of the Board of Immigration Appeals' ("BIA's")

dismissal of their appeal from an immigration judge's ("IJ's") denial of their

applications for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").[1] "When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Under the substantial evidence standard, we uphold the IJ's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the IJ's determination that past harassment from Arnulfo Agueta ("Arnulfo") and the robberies by unknown individuals did not rise to the level of past persecution. Arnulfo's behavior in following Petitioner and his psychological abuse did not result in any "significant actual suffering or harm." *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021); *see also Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (holding that

---

[1] N.D.G.M. filed a separate application for asylum, withholding of removal, and CAT protection, and is also listed as a derivative beneficiary of her mother's asylum application. The petition for review lists two A-numbers, one for Riccy Patricia Granados Marquez and one for her minor child, N.D.G.M. The agency decisions were not included in the petition, however, and therefore the clerk's office at case opening did not list N.D.G.M. as a case participant. Clerical error prevented the clerk's office from subsequently adding the child once the administrative record was filed. The clerk's office is directed to add N.D.G.M. as a petitioner in this case.

weekly harassment on the way to church did not rise to the level of persecution). Nor did the two isolated robberies by unknown criminals, which resulted in no physical or psychological harm, constitute persecution. *See Sharma*, 9 F.4th at 1061 (explaining that "serious maltreatment that is sustained and recurring is more likely to compel the conclusion of past persecution, whereas sporadic incidents, unaccompanied by an ongoing pattern of harm, less so"); *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (concluding that harassment, threats, and one beating unconnected with any particular threat was not persecution).

Substantial evidence also supports the IJ's conclusion that Petitioner's fear is not objectively reasonable given her speculative fear of future harm from Arnulfo and concern about general crime in Honduras. *See, e.g.*, *Sarkar v. Garland*, 39 F.4th 611, 623 (9th Cir. 2022) (holding that petitioner's affidavit and articles are "too speculative to be credited as a basis for fear of future persecution"); *Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (holding that the record did not compel the conclusion that the noncitizen established a well-founded fear of future persecution when the record was "devoid of any evidence" that the alleged persecutors had any continuing interest in him); *Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004) (rejecting the noncitizen's future persecution claim based on his fear of "potential criminal attacks from random . . . assailants"). Moreover, "[t]he ongoing safety of family members in the petitioner's native

country undermines a reasonable fear of future persecution." *Sharma*, 9 F.4th at 1066.

Substantial evidence further supports the IJ's denial of asylum and withholding of removal because Petitioner cannot show that the Honduran government would be unable or unwilling to protect her and her daughter. Petitioner cites no evidence indicating that reporting the harassment she received from Arnulfo to the police "would have been futile or have subjected [her] to further abuse." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). Thus, the record does not compel a different conclusion from the one that the IJ reached. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). With respect to the robberies, the police indicated their willingness to help Petitioner but were unable to do so because she did not know who was responsible. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (holding that petitioner failed to establish government inability or unwillingness to control criminal activity where he admitted he failed to provide identifying information to the police).

2.      Substantial evidence supports the IJ's denial of CAT protection because Petitioner did not establish a clear probability of torture and that a public

official will acquiesce to any torture she might face. Petitioner's general fear of future harm by unknown criminals in Honduras is insufficient to establish eligibility for CAT protection. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard."); *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal shall remain in place until the mandate issues.