NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTELA SERRANO-OSORIO, | No. 17-71552 |
| Petitioner, | Agency No. A208-928-703 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025**
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER,*** District
Judge.

Petitioner Estela Serrano-Osorio ("Serrano-Osorio") petitions for review of

the Board of Immigration Appeals' ("BIA's") order affirming the immigration

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

judge's ("IJ's") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition.

1.    The agency did not err in denying Serrano-Osorio's applications for asylum and withholding of removal. "To qualify for asylum and withholding of removal, a person who is outside the country of his or her nationality must establish that he is unable or unwilling to return to it 'because of persecution or a well-founded fear of persecution on account of'" one of five protected grounds. *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). "An applicant may establish a well-founded fear of future persecution in two ways: by proving past persecution, or by demonstrating that he has a subjectively genuine and objectively reasonable fear of future persecution." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (citation modified).

First, the agency did not err in determining that Serrano-Osorio failed to demonstrate eligibility for asylum or withholding of removal based on past persecution. An applicant alleging past persecution has the burden of establishing,

inter alia, that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). Substantial evidence supports the BIA's conclusion that Serrano-Osorio failed to demonstrate that the Mexican government was unable or unwilling to protect her from her ex-partner's domestic violence. Serrano-Osorio testified that after going to the hospital in 2016 following the physical abuse she endured from her ex-partner, the treating physician provided her with documentation she could use to support a police report. She also testified that she believed the police would have arrested her ex-partner if she reported him. Petitioner's evidence, country condition reports, and her testimony do not show that reporting her ex-partner to the police would have been futile. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (subjective belief that reporting would be futile, without more, does not compel finding of inability or unwillingness).

Second, the agency did not err in determining that Serrano-Osorio failed to demonstrate eligibility for asylum or withholding of removal based on fear of future persecution. "An applicant does not have a well-founded fear of future persecution if the applicant could avoid persecution by relocating to another part of the applicant's country, unless doing so would be unreasonable under the applicant's circumstances." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021)

17-71552

(citation modified). "In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate." 8 C.F.R. § 1208.13(b)(3)(i). Substantial evidence supports the agency's determination that Petitioner could avoid persecution by safely relocating. Petitioner was previously able to relocate and maintain a ranch in Manzanillo, Mexico without contact from her ex-partner for at least seven years. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (a previous successful internal relocation may undermine a well-founded fear of future persecution). Serrano-Osorio has not demonstrated that relocation would be unreasonable.[1]

2.      The agency also did not err in denying Serrano-Osorio's application for relief under CAT. To establish entitlement to CAT protection, an applicant must show, inter alia, that she would face torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity" in the proposed country of removal. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)). Substantial evidence supports the agency's

---

[1] We do not reach Serrano-Osorio's arguments regarding membership in her proposed particular social group of "Mexican women in committed relationships who are abused by their partners and unable to leave the relationship and are unable to get help from the authorities in their home country."

determination that Serrano-Osorio failed to demonstrate that a government actor would acquiesce in her torture (assuming she demonstrated she would likely be subjected to harm rising to the level of torture). Country condition reports in the record show that the Mexican government was taking steps to combat domestic violence. The general ineffectiveness of those efforts is not enough to show acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Serrano-Osorio's testimony indicating that she believed the police would have arrested her ex-partner if she had reported him further supports the agency's determination.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.

17-71552