**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUNGGIMAWAN TJOENG; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-72616

Agency Nos.    A098-903-629
A098-903-630
A098-903-631

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Sunggimawan Tjoeng ("Tjoeng")[1] is a citizen of Indonesia who claims to

have been persecuted based on his ethnic-Chinese Christian identity.  He seeks

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]   Tjoeng's wife and son also seek relief from removal as derivative riders on Tjioeng's application.

asylum, withholding of removal and/or protection under the United Nations Convention Against Torture ("CAT"). The immigration judge ("IJ") believed Tjoeng's story that he had suffered ethnic and religious discrimination. But the IJ concluded that Tjoeng had not established that he was eligible for any form of relief. The Board of Immigration Appeals ("BIA") summarily affirmed this determination.

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Tjoeng's petition for review of the BIA's decision.

The facts are known to the parties; we do not repeat them.

## I

Because the BIA summarily adopted the IJ's decision, we review the decision of the IJ. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). Whether an immigrant has established a well-grounded fear of future persecution is heavily fact dependent. We may only overturn the IJ's decision if "the evidence not only supports but *compels* the conclusion that the . . . decision was incorrect." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc) (internal quotation marks and citations omitted).

## II

The IJ's decision that Tjoeng was ineligible for asylum is supported by substantial evidence. Persecution is "an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (internal quotation marks and citation omitted). It "does not include mere discrimination, as offensive as it may be." *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc).

Tjoeng has not established that he was persecuted in the past. Childhood experiences of "discriminatory mistreatment" combined with isolated, minor incidents of physical assault do not always compel a finding of past persecution. *Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009). Nor does the simple fact that an individual might be more comfortable practicing his religion in the United States than he would be in his home nation. *Cf. id.*; *Gomez v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005).

While Tjoeng was called derogatory names as a child, he was never physically harmed. In 1998 Tjoeng did suffer minor injuries in the one incident of physical violence that can be firmly tied to his ethnicity or religion, but they did not require medical attention. Tjoeng points to no incidents where his religious practice was disrupted and freely admits that the Indonesian government has

employed its armed forces to protect his right to practice Christianity. These facts simply do not compel a finding of past persecution.

Similarly, Tjeong has failed to establish an objectively well-founded fear of future persecution. As an ethnic-Chinese Christian, Tjoeng is a member of a broadly disfavored group in Indonesian society. *Wakkary*, 558 F.3d at 1063, 1066-67. But alone this it is not sufficient to prove an objectively well-founded fear of future persecution. Tjoeng must also show sufficient evidence that he will be individually targeted to establish a 10% chance of being persecuted in Indonesia. *Id.* at 1064. To meet this burden, Tjoeng cannot rely solely on discrimination common to all ethnic-Chinese Christians. *Lolong,* 484 F.3d at 1180.

Tjoeng's childhood experiences of discrimination and ongoing discomfort in practicing Christianity do not separate him from other members of this disfavored group. Tjoeng was assaulted in a 1998 anti-Chinese riot.[2] But given that Tjoeng continued to live in Indonesia for *six years* without further incident, the IJ was hardly compelled to conclude that local Indonesians were targeting Tjoeng.

**III**

---

[2] Tjoeng was also involved in an altercation in 2001. However, this incident does nothing to show that Tjoeng was targeted on account of his race or religion. Even Tjoeng admits that he caused the traffic accident that precipitated the fight.

Tjoeng has also failed to show that he is eligible for withholding of removal. The standard for withholding of removal is more stringent than the standard governing asylum. *Al-Harbi v. INS,* 242 F.3d 882, 888-89 (9th Cir. 2001). Because Tjoeng failed to show that he was eligible for asylum, by definition he failed to show that he was eligible for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

## IV

Under Fed. R. App. P. 28(a)(9)(A) Tjeong has waived his CAT claim by not addressing it in the argument section of his brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

**DENIED.**