**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMEEN ALI AL TAIFI, | No. 08-72039 |
| Petitioner, | Agency No. A078-065-543 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:     LEAVY, IKUTA, and N.R. SMITH, Circuit Judges.

Ameen Ali Al Taifi, a native and citizen of Yemen, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the IJ's finding that the threat Al Taifi received did not amount to persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (unfulfilled threats, without more, do not generally constitute persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the IJ's finding that Al Taifi failed to demonstrate a well-founded fear of future persecution because he has not shown it would be unreasonable to internally relocate to avoid harm. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005). Accordingly, Al Taifi's asylum claim fails.

Because Al Taifi failed to establish eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the IJ's finding that Al Taifi did not establish a likelihood of torture by, at the instigation of, or with the consent or

acquiescence of the Yemeni government.  *See Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008).  Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED.**