**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA DE LA TORRE-AVILA, | No. 09-70097 |
| Petitioner, | Agency No. A079-391-675 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Linda De La Torre-Avila, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001), and we deny the petition for review.

De La Torre-Avila and her father testified to a dispute between members of different political parties and testified that after two of the men involved in this dispute were murdered, De La Torre-Avila's family received death threats because of their suspected involvement in the murders. Substantial evidence supports the agency's finding that De La Torre-Avila did not establish that her family has been persecuted, or that she fears future persecution, on account of a protected ground. *See id.* at 1051-52 (personal retribution by politician was not persecution on account of a protected ground). Substantial evidence also supports the agency's finding that De La Torre-Avila could reasonably relocate within Mexico. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005). Accordingly, De La Torre-Avila's asylum claim fails.

Because De La Torre-Avila failed to establish eligibility for asylum, she necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Further, substantial evidence supports the agency's denial of CAT relief because De La Torre-Avila failed to establish it is more likely than not she will be

tortured if returned to Mexico.  *See* 8 C.F.R. §§ 1208.16(c)(2), (3); *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

Finally, we reject De La Torre-Avila's contention that the BIA failed to adequately consider her evidence.  *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**