**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VASILE BUDURE; DANIEL BUDURE, | No. 08-72477 |
| Petitioners, | Agency Nos. A099-524-147 |
| v. | A099-524-145 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2012[**]
San Francisco, California

Before: HAWKINS, TASHIMA, and MURGUIA, Circuit Judges.

Brothers Daniel and Vasile Budure ("Petitioners"), citizens of Romania, seek

review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's ("IJ") denial of their applications for asylum and withholding of removal. We deny the petition.

Because the BIA adopted the IJ's conclusions as to whether Petitioners demonstrated past persecution or a well-founded fear of future persecution, we review that portion of the IJ's decision as if it were the BIA's own. *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004) (citing *Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir. 2003)). After a careful review of the record, we conclude that substantial evidence supports the IJ's determination. Even if reasonable minds could differ over whether the discrimination and harassment Petitioners endured in Romania amount to past persecution, the facts do not compel such a finding. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (to reverse factual findings, "the evidence must compel a different conclusion from the one reached by the [IJ]" (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992))). Additionally, Petitioners fail to demonstrate a subjectively genuine and objectively reasonable fear of future persecution. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) ("To be well-founded, an asylum applicant's fear of persecution must be both subjectively genuine and objectively reasonable." (citation omitted) (internal quotation marks omitted)).

Because they do not meet the eligibility requirements for asylum, Petitioners' "claim[s] for withholding of removal, governed by a more stringent standard, [are]

2

also foreclosed." *Castro-Martinez v. Holder*, 674 F.3d 1073, 1082 (9th Cir. 2011)

(citing *Gomes v. Gonzales*, 429 F.3d 1264, 1266 (9th Cir. 2005)).

**PETITION FOR REVIEW DENIED**.