NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAWAN JOT SINGH-CHAUHAN, AKA Pawanjot Singh, AKA Pawanjot Singh Chauhan,<br><br>     Petitioner,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>     Respondent. | No. 14-72856<br><br>Agency No. A205-303-482<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:  SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Pawan Jot Singh-Chauhan, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and for abuse of discretion the denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that, even if Singh-Chauhan demonstrated past persecution, he could safely relocate in India, and it would be reasonable for him to do so. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B) (asylum); 1208.16(b)(1)(i)(B) (withholding of removal); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003) (presumption overcome where preponderance of the evidence showed applicant could "reasonably relocate internally to an area of safety"); *Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (prior relocation without incident supported agency's finding). We reject his contentions that the agency erred in denying his request for humanitarian asylum in light of his past mistreatment in India, *see Marcu v. INS*, 147 F.3d 1078, 1082 (9th Cir. 1998), or based on the possibility that he may suffer "other serious harm," *see Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008); 8 C.F.R. § 1208.13(b)(1)(iii). Thus, Singh-Chauhan's asylum, including humanitarian asylum, and withholding of removal claims fail.

Finally, substantial evidence supports the agency's denial of CAT relief

because Singh-Chauhan failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Indian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**