**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANNE WANGARI MWAGIRU, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   14-71487 <br><br> Agency No. A200-754-599 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY and FISHER, Circuit Judges.

Anne Wangari Mwagiru, a native and citizen of Kenya, petitions for review

of the Board of Immigration Appeals order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny the petition for review.

Substantial evidence supports the agency's determination that Mwagiru failed to demonstrate changed or extraordinary circumstances to excuse her untimely-filed asylum application.  *See* 8 C.F.R. § 1208(a)(4), (5).  Thus, we deny the petition for review as to Mwagiru's asylum claim, including her claim to a humanitarian grant of asylum.

As to Mwagiru's withholding of removal claim, the record does not compel the conclusion that a protected ground was one central reason for the past harm Mwagiru suffered in Kenya.  *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (to reverse the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  Substantial evidence supports the agency's conclusion that Mwagiru failed to establish a clear probability of future persecution because she did not demonstrate it would be unreasonable for her to relocate within Kenya.  S*ee Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (fear of future persecution undermined by prior successful internal relocation).  Thus, we deny her petition for review as to

14-71487

withholding of removal.

Finally, substantial evidence supports the agency's denial of CAT relief because Mwagiru failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the Kenyan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.