**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE FELIPE MEDINA AVINA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-72098

Agency No. A215-817-791

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2021
Seattle, Washington

Before:   HAWKINS and CALLAHAN, Circuit Judges, and FITZWATER,[**]
District Judge.

Jose Medina Avina ("Avina"), a citizen and native of Mexico, seeks review

of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Avina contends he will be subject to future persecution and torture at the hands of the Jalisco cartel because of his inquiries about the death of his brother-in-law. The agency's decision must be upheld if it is supported by reasonable, substantial, and probative evidence on the record as considered as a whole and may be reversed only if a reasonable factfinder would be compelled to conclude to the contrary. *See Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011). We deny the petition.

To qualify for relief under CAT, Avina must establish that "it is more likely than not that he [] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Furthermore, the torture must be inflicted by, at the direction of, or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1). In assessing whether it is more likely than not that an alien would be subject to torture if removed to a country, the agency can consider whether relocation within that country is possible. 8 C.F.R. § 1208.16(c)(3)(ii).

After leaving his home state, where Avina may have drawn the attention of the Jalisco cartel by making inquiries about the death of his brother-in-law, Avina

stayed with his daughters in Puebla and then in Morelia; later with his girlfriend in Rosarita—for a month at each location without further threats or harm. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005). Although there was testimony that people came by Avina's house and business looking for him, there is no evidence that the cartel pursued him outside the state of Colima. His family continues to reside in Mexico, as does another brother-in-law who had also been threatened but relocated to Michoacan. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009).

Although Avina may not be able to return to Colima, the record does not compel the conclusion that it is more likely than not Avina would be tortured if returned to other parts of Mexico. We therefore need not reach the second prong of the CAT analysis, "whether there is sufficient state action involved" in the feared torture. *Garcia-Milan v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

To qualify for asylum, Avina must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of a protected ground. *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). Avina does not claim past persecution but claims to have a well-founded fear of future persecution on account of membership in a particular social group (his familial connection with his wife and brother-in-law).

3

As with his CAT claim, the IJ and BIA held that Avina did not have a well-founded fear of future persecution because of his ability to safely relocate within the country. *See* 8 C.F.R. § 1208.13(b). For the reasons discussed in Section I above, the record does not compel the conclusion that the agency's determination about Avina's ability to internally relocate is erroneous.[1]

**PETITION DENIED.**

---

[1] Because the ability to relocate forecloses Avina's asylum claim, we need not address the issue of whether the alleged persecution is on account of Avina's membership in a particular social group.