
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARCOS CARDENAS LOPEZ, | No. 20-72928 |
| Petitioner, | Agency No. A206-681-356 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2021
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and CARDONE,[**] District
Judge.

Petitioner Marcos Cardenas Lopez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals's (BIA) decision affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Immigration Judge's (IJ) denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). We deny the petition.

We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citations and quotations omitted). "Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)).

1. This case primarily turns on whether Cardenas Lopez's testimony before the IJ was credible. Cardenas Lopez is Triqui, an indigenous people native to Oaxaca, and he testified he fears returning to Mexico because he anticipates persecution at the hands of the Movimiento de Unificación y Lucha Triqui (MULT), a Triqui paramilitary organization that has killed or harmed several members of his family in Mexico due to his family's opposition to MULT. The BIA affirmed the IJ's determination that this testimony was not credible because it was inconsistent with Cardenas Lopez's Form I-867A. Cardenas Lopez attempted to enter the United States in June 2014, but was apprehended by Customs and

Border Protection (CBP). In his Form I-867A—which is a record of a CBP officer's interview with Cardenas Lopez that Cardenas Lopez initialed on each page and signed—Cardenas Lopez states that his reason for coming to the US is that he "wanted to come work to [sic] the US" and "to seek employment."

We hold that the IJ's credibility determination was supported by substantial evidence. Cardenas Lopez was confronted with the inconsistency on cross-examination and claimed that the officer stated "they all say that" and recorded incorrect information. The IJ acknowledged this explanation, but rejected it. "If the IJ reasonably rejects the alien's explanation, . . . the IJ may properly rely on the inconsistency as support for an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The IJ's rejection of the explanation was reasonable because the Form I-867A contained "sufficient indicia of reliability"—the interview was conducted under oath, the notes included the questions asked, and they were transcribed by an interpreter or an officer that speaks Spanish. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020).

2.      In addition, Cardenas Lopez's ability to reasonably relocate forecloses his withholding of removal claim. An applicant cannot establish eligibility for withholding of removal if the applicant "could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal

3

and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(2). The BIA found that even if Cardenas Lopez's lack of credibility is disregarded, his withholding of removal claim would still be denied because the IJ found that he could reasonably relocate to another part of Mexico. Cardenas Lopez has lived in at least two different Mexican states, where he did not experience threats or harm from MULT for several years. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005). Furthermore, there is substantial record evidence to support the IJ's inferences that Cardenas Lopez's siblings live in other Mexican states without being targeted by MULT and that MULT's influence is limited to only certain regions in Mexico. Based on this evidence, the BIA did not err in affirming the denial of withholding of removal.

3.      An applicant is eligible for protection under CAT if he can prove that it is more likely than not that he would be tortured if removed to his country of origin. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). The BIA agreed with the IJ that Cardenas Lopez failed to meet his burden under CAT because the totality of the record did not establish that he is more likely than not to be tortured upon his return to Mexico. Absent Cardenas Lopez's testimony, the record only establishes a generalized risk of harm to Triquis and members of the Cardenas family. But this evidence does not *compel* the conclusion that Cardenas

4

Lopez would more likely than not be tortured. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Furthermore, the evidence demonstrates that Cardenas Lopez could reduce his risk of torture by relocating to another part of Mexico and that it would be reasonable for him to do so. *Tamang*, 598 F.3d at 1095. Thus, the BIA's conclusion was supported by substantial evidence, and it did not err in affirming the denial of CAT relief.

4. Finally, Cardenas Lopez argues that the BIA erred in denying his motion to remand for the IJ to consider two reports that he submitted. We may not review this evidence because the BIA declined to consider it and the BIA did not abuse its discretion in doing so. *See Fisher v. I.N.S.*, 79 F.3d 955, 963 (9th Cir. 1996); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

**PETITION DENIED.**