NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO GUZMAN-CHICAS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  17-72049<br><br>Agency No. A205-975-980<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Francisco Guzman-Chicas petitions for review of a Board of Immigration Appeals ("BIA") decision denying his withholding of removal and Convention Against Torture ("CAT") claims.  We review the BIA's denials of relief for "substantial evidence."  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2014).   To reverse the BIA, "evidence [must] not only *support*[] a contrary conclusion, but *compel*[] it."  *Id.* (simplified).  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

1. Substantial evidence supports the BIA's denial of withholding of removal. Withholding of removal requires the petitioner to demonstrate that his "life or freedom" would be threatened in his country of removal because of his "race, religion, nationality, membership in a particular social group, or political opinion." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (citing 8 U.S.C. § 1231(b)(3)).

The BIA reasonably concluded that Guzman-Chicas did not demonstrate past persecution because the two anonymous threatening notes Guzman-Chicas received never led to any harm.  After relocating to a rural town, Guzman-Chicas never received another threat, despite continuing to work as a police officer.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (persecution is "an 'extreme concept' that includes the infliction of suffering or harm," and "unfulfilled threats, without more," generally do not constitute past persecution) (simplified); *Diaz-Escobar v. INS*, 782

---

[1] Other than making a passing reference to remanding on his asylum claim, Guzman-Chicas provides no argument on why the BIA was wrong to deny his asylum application.  Guzman-Chicas has thus abandoned this claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

2

F.2d 1488, 1493 (9th Cir. 1986) (anonymous, unfulfilled threatening notes "do[] not establish a reasonable expectation of persecution").

The BIA also reasonably concluded that Guzman-Chicas has not shown a well-founded fear of future persecution because he successfully relocated his family to a rural area where he experienced no threats of harm. *See* 8 C.F.R. § 1208.16(b)(2)–(3); *cf. Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) ("[A]n applicant 'does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . . [and] it would be reasonable to expect the applicant to do so.'" (simplified)). As the Immigration Judge ("IJ") and BIA found, Guzman-Chicas testified that the rural area where he previously lived with his family had "minimum" gang activity and he could be safe there. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (holding that the fact that petitioner previously relocated to area within his native country and lived without incident is evidence that an alien can safely relocate).

Guzman-Chicas also argues that the IJ erred in failing to provide him notice and an opportunity to provide corroborative evidence of his withholding claim. But the BIA explicitly "assum[ed] the respondent corroborated his claim" in upholding the IJ's determination and we review the BIA's conclusions. *Castillo-Villagra v. INS*, 972 F.2d 1017, 1023 (9th Cir. 1992) ("Our review is limited to the BIA

3

decision, and we may not base our decision upon the IJ's findings and decision independently of the BIA decision."). Thus, even if Guzman-Chicas had produced additional corroborating evidence, the BIA still would have found that Guzman-Chicas could not demonstrate a well-founded fear of future persecution because he could reasonably be expected to relocate within the country.

2. Substantial evidence also supports the BIA's determination that Guzman-Chicas is not entitled to CAT protection. The BIA concluded that Guzman-Chicas was never tortured himself, he testified that he could safely move to rural areas, and he did not provide evidence that the Salvadoran government would acquiesce to any torture that would take place. *See Maldonado v. Lynch*, 786 F.3d 1155, 1163 (9th Cir. 2015) (en banc); 8 C.F.R. § 1208.16(c)(3)(ii). The affidavit from Guzman-Chicas's expert witness does not *compel* a contrary conclusion. *Garcia-Milian*, 755 F.3d at 1031.

**DENIED.**