**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIAS ESTRADA GARCIA,<br><br>            Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No. 21-1439<br><br>Agency No.<br>A205-321-342<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Elias Estrada Garcia, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Substantial evidence supports the BIA's determination that the threats gang members made against Estrada Garcia because of the pro-government political opinion and Mormon faith they imputed to him did not rise to the level of persecution required to be granted asylum or withholding of removal. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (citation omitted). Although understandably frightening, the unfulfilled threats—unaccompanied by physical harm—were not "so overwhelming so as to necessarily constitute persecution." *See id.* (citation omitted); *see also Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (holding that weekly harassment by gang members on the way to religious services did not "rise to the level of persecution").

Substantial evidence also supports the BIA's determination that Estrada Garcia failed to show that a statutorily protected ground is "one central reason" motivating his stepson, a gang member, to threaten him. *See Kaur v. Garland*, 2 F.4th 823, 834–35 (9th Cir. 2021) (holding that the persecutor's motive is "crucial" to a determination of whether a petitioner is entitled to asylum). Additionally, the BIA did not err by concluding that the threats and harm Estrada Garcia's stepson inflicted on his family while Estrada Garcia lived in the United States does not constitute persecution to Estrada Garcia. *See*

2                                                    21-1439

*Tamang v. Holder*, 598 F.3d 1083, 1092 (9th Cir. 2010) (explaining that "we have not found that harm to others may substitute for harm to an applicant . . . who was not in the country at the time he claims to have suffered past persecution there").

We do not address the IJ's determination that no changed circumstances excused Estrada Garcia's untimely asylum application. The BIA did not rely on the untimeliness determination to dismiss Estrada Garcia's appeal and we "cannot affirm the BIA on a ground upon which it did not rely." *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (citation omitted).

**PETITION DENIED.**