NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEYLI JOSSELYN HENRIQUEZ REYES; SAMANTA RUBI PONCE HENRIQUEZ; GREYLIN LINET PONCE HENRIQUEZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-3882<br><br>Agency Nos.<br>A220-593-620<br>A208-949-187<br>A208-949-186<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2025[**]
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Lead Petitioner Keyli Henriquez Reyes and her two minor daughters are

natives and citizens of Honduras.  They seek review of a decision of the Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA"), which dismissed their appeal of an immigration judge's ("IJ") denial of their claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and the IJ's resulting decision ordering their removal. We review the agency's factual findings for substantial evidence. Iman v. Barr, 972 F.3d 1058, 1064 (9th Cir. 2020). When, as here, "the BIA issues its own decision but adopts particular parts of the IJ's reasoning," we examine both "'the reasons explicitly identified by the BIA' and 'the reasoning articulated in the IJ's oral decision in support of those reasons.'" Id. (quoting Lai v. Holder, 773 F.3d 966, 970 (9th Cir. 2014)). We deny the petition.

1. The agency denied asylum and withholding of removal on two grounds.

a. First, Lead Petitioner failed to "demonstrate that the government of Honduras was or would be unable or unwilling to protect her from the private actors she fears." See Rodriguez Tornes v. Garland, 993 F.3d 743, 750–51 (9th Cir. 2021) (describing the unable-or-unwilling-to-control element of an asylum claim); Sharma v. Garland, 9 F.4th 1052, 1059–60 (9th Cir. 2021) (explaining the relationship between the elements of claims for asylum and claims for withholding of removal). The agency determined that Lead Petitioner neither reported the incidents at issue to the Honduran police nor demonstrated that filing such a report would have been futile. Substantial evidence supports the agency's determination.

The agency permissibly concluded that Lead Petitioner's subjective belief

that the police would not help her does not suffice to show that the Honduran government would be unwilling or unable protect her. See Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir. 2005). The agency also relied on a 2021 report regarding human rights in Honduras, which stated that Honduran law criminalizes all forms of rape and which detailed efforts to open additional centers allowing women to report crimes. Lead Petitioner correctly points out that the report also states, among other things, that the law criminalizing rape is "not effectively enforced." See Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1072 (9th Cir. 2017) (en banc) (recognizing the distinction between "a country's enactment of remedial laws and the eradication of persecutory practices"). But that evidence, without more, does not compel us to reach a conclusion contrary to the one reached by the agency in this case. See Velasquez-Gaspar v. Barr, 976 F.3d 1062, 1064–65 (9th Cir. 2020) (explaining that a country's imperfect efforts to "curb violence against women" suggested that the petitioner "could have obtained help"); Hussain v. Rosen, 985 F.3d 634, 648 (9th Cir. 2021) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (quoting Go v. Holder, 640 F.3d 1047, 1054 (9th Cir. 2011))).

    b. Second, the agency concluded that Lead Petitioner failed to show that it would be unsafe or unreasonable for her to relocate to a different part of Honduras

3

to avoid future harm.  See Akosung v. Barr, 970 F.3d 1095, 1101–02 (9th Cir. 2020) (explaining the "relocation" factor).  That determination is supported by substantial evidence.  After her uncle was killed in 2015, Lead Petitioner was able to relocate to a distant town with her maternal grandparents—one of whom still lives in that town—for six months, during which time she was not harmed.  See Gomes v. Gonzales, 429 F.3d 1264, 1267 (9th Cir. 2005) (rejecting the petitioner's argument regarding relocation when the petitioners had previously "relocated to Dhaka and lived there without incident").[1]

2.  For reasons similar to those discussed above, the agency permissibly determined that Lead Petitioner failed to show that she is more likely than not to be tortured with government acquiescence should she be returned to Honduras.  See Aleman-Belloso v. Bondi, 128 F.4th 1031, 1044–45 (9th Cir. 2024) (stating legal standard); see also Garcia-Milian v. Holder, 755 F.3d 1026, 1034 (9th Cir. 2014) (explaining that "evidence that a government has been generally ineffective in preventing or investigating criminal activities" does not, on its own, "raise an inference that public officials are likely to acquiesce in torture"); Aguilar Fermin v. Barr, 958 F.3d 887, 893 (9th Cir. 2020) (denying petition to review denial of CAT

---

[1] Because Lead Petitioner failed to present it to the agency, we do not consider her assertion that she no longer has the means to relocate because her financial situation has changed.  See Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ.").

relief when "substantial evidence support[ed] the conclusion that [the petitioner] could internally relocate within Mexico").

**PETITION DENIED.**[2]

---

[2] The stay of removal remains in place until the mandate issues.