**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

OSMAN MANRIQUE GUERRA-
BRAVO; OSMAN YOEL GUERRA-
MARROQUIN; NESBIA MILLEY
MARROQUIN-YAQUE DE GUERRA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4115

Agency Nos.
A220-905-732
A220-905-730
A220-905-731

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Lead petitioner Osman Manrique Guerra-Bravo, his wife Nesbia Milley

Marroquin-Yaque de Guerra, and their minor son Osman Yoel Guerra-Marroquin,

natives and citizens of Guatemala, petition for review of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals' ("BIA") dismissal of their appeal of the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020). We review for substantial evidence the BIA's factual findings, including determinations as to persecutors' actual motives, *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021), and the possibility of reasonable relocation, *see Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. An asylum applicant must establish that a statutorily protected ground "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). Under this nexus requirement, "a motive is a 'central reason' if the persecutor would not have harmed the applicant if such motive did not exist" or "if that motive, standing alone, would have led the persecutor to harm the applicant." *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009).

Substantial evidence supports the BIA's determination that Guerra-Bravo failed to establish "any nexus between any harm [he] suffered and membership in his proposed particular social group" of "Guatemalans who publicly cooperate

with law enforcement." Although Guerra-Bravo was threatened and attacked in 2014 and 2015, these harms preceded his cooperation with law enforcement. *Cf. Rodriguez Tornes v. Garland*, 993 F.3d 743, 753 (9th Cir. 2021) (concluding that the nexus requirement for asylum was satisfied in part because the petitioner suffered harm "immediately after" asserting her feminist political opinion). Instead, Guerra-Bravo testified that these threats and attacks were part of an extortion scheme. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (upholding the BIA's finding of no nexus because the petitioner "did not demonstrate that the gang members who sought to extort money from [her] . . . were motivated by anything other than an economic interest" (alteration in original) (citation omitted)). Moreover, despite Guerra-Bravo's belief that the men who approached his neighbor in 2021 were associated with the earlier assailants, he presented no evidence that these men pursued him on account of his cooperation with law enforcement. *See id.* at 1022 (noting that the petitioner had not "present[ed] the court with factual evidence to support her theoretically valid nexus theory" (alteration in original) (citation omitted)).

2. Absent a finding of past persecution, substantial evidence supports the BIA's determination that Guerra-Bravo did not show that he had a well-founded fear of future persecution. "[A]n applicant 'does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of

3                                    24-4115

the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so.'" *Duran-Rodriguez*, 918 F.3d at 1029 (second alteration in original) (citation omitted).

Substantial evidence supports the BIA's determination that Guerra-Bravo did not have a well-founded fear of future persecution because he failed to show that it was not reasonable for him to relocate within Guatemala. Guerra-Bravo testified that "[he] had already moved once, and they found [him] again," but he does not present any link between the 2021 visitors and the earlier assailants other than the visitors' tattoos and motorcycle. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (stating that the petitioner's testimony that she would "never be able to escape . . . in Mexico" was insufficient alone to prove an inability to relocate internally). Prior to the 2021 visitors, Guerra-Bravo had resided in Jalapa without incident for over six years. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (concluding that a previous successful internal relocation undermined a claim of an inability to safely relocate).

3. Because substantial evidence supports the BIA's determination that there was no nexus at all, we also uphold the BIA's denial of Guerra-Bravo's withholding of removal claim. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (noting that when there is "no nexus at all," there is no distinction in the application of the "a reason" nexus standard for withholding of removal and

the "one central reason" standard for asylum).

**PETITION FOR REVIEW DENIED.**